## UNITED STATES *v.* CLEVELAND, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY COMPANY.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SIXTH CIRCUIT.

No. 593.   Argued March 4, 5, 6, 1918.—Decided May 20, 1918.

A railroad company bought shares of another railroad company before, and sold them after, December 31, 1908. *Held*, that only so much of the profit as accrued after that date was "income," within the Corporation Tax Act. *Doyle* v. *Mitchell Brothers Co., ante,* 179; *Hays* v. *Gauley Mountain Coal Co., ante,* 189.

242 Fed. Rep. 18, affirmed.

THE case is stated in the opinion.

*The Solicitor General,* with whom *Mr. Wm. C. Herron* was on the brief, for the United States.

*Mr. George Hoadly,* with whom *Mr. Judson Harmon, Mr. Edward Colston, Mr. A. W. Goldsmith* and *Mr. Oscar Stoehr* were on the briefs, for respondent.

*Mr. Robert R. Reed,* by leave of court, filed a brief on behalf of the Investment Bankers' Association of America, as *amicus curiæ.*

MR. JUSTICE PITNEY delivered the opinion of the court.

In January, 1900, the respondent purchased 30,000 shares of stock of the Chesapeake & Ohio Railway Company for $981,427.92, and sold them January 28, 1909, for $1,795,719—a profit of over $814,000. It included no portion of this profit in its return for the year 1909 under the Corporation Excise Tax Act of August 5,

1909, c. 6, 36 Stat. 11, 112, § 38, and the United States brought this suit to recover the tax of 1 per cent. thereon. The District Court directed a verdict in favor of plaintiff. Upon review the Circuit Court of Appeals held the proceeds of sale of the stock could not be considered as income under the act except to the extent by which they exceeded the market value of the stock on December 31, 1908, ascertained to be $57 per share. It therefore reversed the judgment, and remanded the case with instruction to enter a new judgment to include a tax on this account only upon the balance of the selling price above $57 per share or $1,710,000 in all. 242 Fed. Rep. 18. A writ of certiorari was then allowed.

For reasons sufficiently stated in *Doyle* v. *Mitchell Brothers Co.*, and *Hays* v. *Gauley Mountain Coal Co.*, *ante*, pp. 179, 189, we concur in the view that defendant was not taxable except with respect to so much of the profit upon the stock as accrued after December 31, 1908. Just how this part is to be separated from that which previously accrued is a matter of some nicety, as we have shown in the *Hays Case*. The Circuit Court of Appeals adopted the theory of an inventory taken as of the time the act went into effect; and although the assets here under consideration were not acquired for the purpose of sale in the manner of merchandise, but were bought for investment, and hence were not inventoried on December 31, 1908, it accepted the stipulated fact that the stock had a regular market value of $57 per share on that date as supplying the lack of an inventory. This result accords with the views we have expressed in the cases referred to.

*Judgment affirmed.*

Mr. Justice Holmes took no part in the consideration or decision of this case.