99 So.2d 317

**Mr. John W. and Mrs. Eula D. OLVEY**

**v.**

**COLLECTOR OF REVENUE.**

No. 43531.

Nov. 12, 1957.

Rehearing Denied Jan. 9, 1958.

H. M. Holder, Shreveport, for plaintiffs-appellants.

Chapman L. Sanford, Levi A. Himes, Robert L. Roland, Baton Rouge, for appellee.

PONDER, Justice.

Plaintiffs have appealed from the judgment of the district court which affirmed an assessment, made by the Collector of Revenue against plaintiffs for income taxes for the year 1952, on income derived from the sale of certain stocks.

Mr. and Mrs. Olvey owned a number of shares of stock in Gregg-Tex Gasoline Corporation, a corporation organized under the laws of the State of Delaware and doing business in the State of Texas. At the time of the purchase of this stock (in 1932 or 1933), the plaintiffs were non-residents of the State of Louisiana. In June of 1937, the plaintiffs moved to Shreveport, Louisiana and have continued to reside there ever since that date. The stock in question was sold in 1952. In arriving at the net gain, the Collector took the value of the stock as of January 1, 1934, the date the Louisiana income tax law became effective.

The plaintiffs contend that the lower court erred in affirming the assessment made by the Collector of Revenue in fixing the net gain on the basis of the value of the stock on January 1, 1934 and that the net gain should have been determined on the basis of the value of the stock as of June, 1937, when the plaintiffs moved into the State of Louisiana. They take the position that the fixing of the value of the stock as of January 1, 1934 in determining the income due from the stock is violative of Article 10, Section 1 of our Constitution, LSA, which only authorizes a tax on net income; and that it would also be violative of the Fourteenth Amendment of the Federal Constitution because it gives extra territorial effect to the laws of this State and at the same time does not give full faith and credit to the laws of the state from which plaintiffs moved to the State of Louisiana.

It is argued that Article 10, Section 1 of our Constitution, only allows a tax on net income and necessarily prevents and precludes a tax on capital. The position is taken that the effect of the Collector's assessment is to give the tax extra territorial effect and to, in fact, tax capital. In support of their contention, the plaintiffs rely on the cases of Lynch v. Turrish, 247 U.S. 221, 38 S.Ct. 537, 62 L.Ed. 1087 and Marsman v. Commissioner of Internal Revenue, 4 Cir., 205 F.2d 335.

In the Lynch case the government sought to tax certain stock by taking the value prior to 1913 (the date the Federal Act went into effect) in comparison to the value

of stock in 1914 when it was sold (during liquidation proceedings). The facts show that in 1914 when the stock was disposed of it was worth twice the value it had previous to 1913 but that there had been no increase between 1913 and 1914. The court held that the value in 1913 (when the law became effective) must be taken and hence there was no tax due. The Lynch case merely holds that assets cannot be taxed on the value prior to the enactment of the 1913 Act, 38 Stat. 166. What is sought to be done here is exactly that—the Collector is not seeking to tax the stock prior to 1934 although it was purchased in 1932 or 1933.

In the Marsman case the government sought to tax a resident of the Philippines on certain undistributed net income held on December 31, 1940 by La Trafagona, a Philippine corporation wholly owned by Mrs. Marsman. The questions presented for decision were: (1) whether the tax should be based on the entire amount of the undistributed income of La Trafagona on December 31, 1940, or only so much thereof as was acquired after September 22, 1940, when she became a resident of the United States; and (2) whether the taxpayer, being on a cash basis, is entitled to a credit against her United States income tax for 1941 in the amount of the income taxes paid by her to the Philippine Islands in 1941 for the years 1938 and 1940. The court held that Mrs. Marsman was to pay tax only on so much thereof as was acquired after September 22, 1940 when she became a resident of the United States and she was to be given credit for income taxes paid by her in the Philippine Islands.

A careful reading of the decision shows that even though the situation came literally within the statute and should be taxable yet the purpose of the law was to prevent persons from acquiring a foreign company and thus avoid the payment of taxes in the United States. The lengthy facts set out by the court in that case show that this was not the situation. The taxpayer was truly a resident of the Philippines and was in the United States only because of the threat of war. She was in no way trying to defraud the United States out of money duly owed to it; as a matter of fact, she paid taxes in the Philippines and the court pointed out it does not favor double taxation. This was the reason for the ruling and not the effect counsel for petitioners would give it in the present case.

It is provided in R.S. 47:155, viz.:

"In the case of property acquired before January 1, 1934, if the basis otherwise determined under R.S. 47:-140 through 47:154, adjusted as provided in R.S. 47:156, is less than the fair market value of the property as of January 1, 1934, then the basis for determining gain shall be such fair market value. In determining the fair market value of stock in a corporation, as of January 1, 1934, due regard shall

be given to the fair market value of the assets of the corporation as of that date."

It might be pointed out that the stock in question has not been taxed by any other state. Plaintiffs are under the impression that because they and the stock were not subject to the Louisiana income tax until 1937 that the value of the stock as of that date must be accepted and that the assessment on the value prior to that date would render the assessment unconstitutional.

It would appear to us that the legislature could adopt any reasonable basis for determining net gain. The year to year increase in the value of the stock is not taxable, it is the sale of stock that brings into play the taxable event. It is not until a profit is realized that a person becomes subject to the income tax. It is an inescapable conclusion that income is determined as of the date of realization. This theory has been enunciated in many decisions. See MacLaughlin v. Alliance Insurance Company of Philadelphia, 286 U.S. 244, 52 S.Ct. 538, 76 L.Ed. 1083 (and the cases cited therein); Dick v. Commissioner, 10 Cir., 76 F.2d 265; Merchants' Loan & Trust Co. v. Smietanka, 255 U.S. 509, 41 S.Ct. 386, 65 L.Ed. 751, 15 A.L.R. 1305; Hays v. Gauley Mountain Coal Co., 247 U.S. 189, 38 S.Ct. 470, 62 L.Ed. 1061; United States v. Cleveland, C., C. & St. L. R. Co., 247 U.S. 195, 38 S.Ct. 472, 62 L.Ed. 1064.

For the reasons assigned, the judgment is affirmed at appellants' cost.

FOURNET, C. J., absent.