EVANS ET UX. *v.* COMPTROLLER OF THE
TREASURY, INCOME TAX DIVISION

[No. 73, September Term, 1974.]

*Decided November 25, 1974.*

The cause was argued before MURPHY, C. J., and SINGLEY,
SMITH, DIGGES, LEVINE, ELDRIDGE and O'DONNELL, JJ.

John Ford Evans, Jr., in proper person.

*Jon F. Oster, Assistant Attorney General,* with whom was
*Francis B. Burch, Attorney General,* on the brief, for
appellee.

PER CURIAM:

When he was employed by the federal government in the city of Washington in the fall of 1970, John Ford Evans, Jr. withdrew from his New Jersey law firm, sold his New Jersey residence, and purchased a house in Bethesda, Maryland. Although he contends that he retained his domicile in New Jersey, Evans concedes that he resided in Bethesda throughout 1971. In that year, Evans, a cash basis taxpayer, received $15,928.83 from his former law firm in payment for services rendered while he was a partner in that firm. Although Evans recognized the $15,928.83 payment as income for purposes of his 1971 federal income tax return and this amount was thus a part of his federal adjusted gross income for that year, he deducted the payment in preparing his State income tax return on the theory that it was not earned in Maryland. The deficiency assessment of Maryland income tax, including interest, of $1,242.39 on the payment made by the law firm is the subject of this appeal from an order of the Maryland Tax Court.

Because it would appear from the record before us that Evans has not paid the tax, and that what the Tax Court had before it was a contest of a deficiency assessment, and not a demand for a refund, we shall remand the case for the entry of a proper order, affirming the deficiency assessment. The result which we reach will remain unaffected, however, by the entry of such an order.

Maryland Code (1957, 1969 Repl. Vol., 1973 Cum. Supp.) Art. 81, § 294 (a) provides that "[e]very individual resident of this State . . . who is required to file a federal income tax return . . ." shall file a return with the Comptroller. Code (1957, 1969 Repl. Vol.) Art. 81, § 279 (i) defines a resident as

> "an individual domiciled in this State on the last day of the taxable year, *and every other individual who, for more than six months of the taxable year, maintained a place of abode within this State, whether domiciled in this State or not . . . .*" (Emphasis supplied.)

Section 284 (a) of the same Article does not mandate the method of accounting to be used by an individual taxpayer but only requires that the taxpayer compute his income "in accordance with the method of accounting regularly employed in keeping the books of such taxpayer . . . ." Section 284 (b) provides that "taxpayers reporting their income on a cash basis shall account for amounts actually or constructively received and actually expended . . . ."

The crux of Evans' argument is that since the payment of $15,928.83 was for services rendered while he was not a resident of, or in any other way connected with, Maryland, he should not be required to pay Maryland income taxes on this amount simply because he was a resident of Maryland when these funds were received by him.

Since Evans admits that he is a cash basis taxpayer, his argument that these funds were "earned" while he was a resident of New Jersey in no way affects his tax liability. Having chosen to maintain his accounting on a cash basis, Evans cannot now avail himself of the treatment which might be accorded to an accrual basis taxpayer, *cf.*, *Katzenberg v. Comptroller*, 263 Md. 189, 199, 282 A. 2d 465, 470 (1971). Therefore, this amount must be considered income for the year in which it was received.

Because Evans actually resided in Maryland during the year in question, the imposition of an income tax by the State of Maryland on funds received from his New Jersey law practice was not violative of the Fourteenth Amendment to the United States Constitution, *Wood v. Tawes*, 181 Md. 155, 160-61, 28 A. 2d 850, 853 (1942), *cert. denied*, 318 U. S. 788 (1943); *Miller Bros. Co. v. Maryland*, 347 U. S. 340, 345 (1954); *New York ex rel. Cohn v. Graves*, 300 U. S. 308, 312-13 (1937).

We cannot accept Evans' contention that because the state of his domicile did not impose an income tax, Maryland cannot impose one. As set forth above, Maryland's right to tax Evans is predicated upon his residence here, a right in no way related to, or affected by, New Jersey's failure to impose an income tax.

Finally, we consider Evans' contention that Maryland cannot constitutionally use as a basis for State income tax the adjusted gross income figure developed by a taxpayer's federal income tax return. The use of the taxpayer's federal adjusted gross income is mandated by Code Art. 81, § 280 (a). As we noted in *Katzenberg v. Comptroller, supra,* 263 Md. at 204-05, 282 A. 2d at 473, "[t]his is a formula or yardstick objectively derived which initially takes no account of the source, nature or composition of the funds . . . ." Residence is an adequate basis for taxation because of the reciprocal duties of protection by the State and of support by the citizen, the nature and measure of which is largely a political matter, *Miller Bros. Co. v. Maryland, supra,* 347 U. S. at 345. As the base figure upon which the Maryland income tax is computed is objectively derived, the requirement of due process is satisfied.

> *Order vacated.*
>
> *Case remanded to Maryland Tax Court for entry of a proper order.*
>
> *Costs to be paid by appellants.*