497 A.2d 831

Anna M. PROVENZA

v.

COMPTROLLER OF the TREASURY.

No. 146, Sept. Term, 1985.

Court of Special Appeals of Maryland.

Oct. 3, 1985.

564

Anna M. Provenza, Baltimore, for appellant.

Gerald Langbaum, Asst. Atty. Gen., Annapolis (Stephen H. Sachs, Atty. Gen., and John K. Barry, Asst. Atty. Gen., Baltimore, on brief), for appellee.

Submitted before BISHOP, GARRITY and ROSALYN B. BELL, JJ.

BISHOP, Judge.

After the Maryland Tax Court affirmed the assessment of the Comptroller of the Treasury for additional income tax for the years 1980 and 1981, appellant, Anna M. Provenza appealed to the Circuit Court for Baltimore City where Judge Robert I.H. Hammerman affirmed the order of the Tax Court.

Appellant asks whether the Tax Court and the Circuit Court correctly sustained the Comptroller's assessments.

## FACTS

Pursuant to Maryland Rule 1028g, the parties agreed to proceed upon a statement of undisputed facts which in

summary states that appellant's sole source of income for 1980 and 1981 was from the Maryland State Teacher's Retirement System; that appellant failed to file Maryland Income Tax Returns for 1980 and 1981; and was assessed $1,418.29 for 1980 and $1,382.31 for 1981 in taxes and penalties.

Appellant does not question the amount of the computation of the assessment, but rather sets forth constitutional and statutory arguments attacking the validity of the Maryland income tax.

Appellant raises two issues: 1) that the Maryland income tax is unconstitutional because it impermissibly burdens interstate travel; and 2) that the Maryland income tax violates statutory provisions by taxing obligations of the United States.

### 1.

Appellant bases her constitutional argument on the following statement by the Court of Appeals in *Fax v. State Tax Comm.*, 212 Md. 296, 299, 129 A.2d 167, 168 (1956):

> The Maryland income tax is imposed upon a resident of the State for the privilege and opportunities of residence in Maryland, and not upon the source that generates or pays the income, which is the measure of the tax.

■ Appellant asserts that since "income tax is imposed upon a resident of the State for the privilege and opportunities of residence in Maryland," the fundamental right to interstate travel is restricted and that this results in violation of her constitutional equal protection and due process rights because it creates "impermissible classifications."

Appellant's argument is flawed in its basic premise. The *Fax* language quoted above explains the fundamental rationale of the income tax, and not the method by which the State imposes the tax. *Fax*, 212 Md. at 299, 129 A.2d at 168. The tax itself is on income, Md.Ann.Code Art. 81, § 280 (1957, 1980 Repl.Vol.), with residency providing the constitutional nexus to allow the tax. *Evans v. Comptroller*, 273 Md. 172, 174, 328 A.2d 272, 274 (1974); *Wood v.*

*Tawes*, 181 Md. 155, 160–61, 28 A.2d 850, 853 (1942), *cert. denied*, 318 U.S. 788, 63 S.Ct. 982, 87 L.Ed. 1154 (1943). It is significant that nonresidents are subject to the income tax for income from sources within Maryland. Md.Ann. Code Art. 81, § 287 (1957, 1980 Repl.Vol.). No tax is imposed on persons entering or travelling through Maryland, only on income earned in Maryland.

## 2.

Appellant's second argument is based on Federal and state statutory provisions which, she contends, prevent state taxation of obligations of the United States. Title 31 U.S.C. § 3124(a) (1983) (formerly 31 U.S.C. § 742) provides:

Stocks and obligations of the United States Government are exempt from taxation by a state or political subdivision of a state. The exemption applies to each form of taxation that would require the obligation, the interest on the obligation, or both, to be considered in computing a tax, except—(1) a nondiscriminatory franchise tax or another non-property tax instead of a franchise tax, imposed on a corporation; and (2) an estate or inheritance tax.

Md.Ann.Code Art. 81, § 280(c)(1) (1957, 1980 Repl.Vol.) states that:

There shall be subtracted from federal adjusted gross income: (1) interest or dividends on obligations of the United States and its territories and possessions. . . .

Appellant argues that her income, which is in or convertible to Federal Reserve Notes, is exempt from taxation because Federal Reserve Notes are obligations of the United States. She cites as her authority 12 U.S.C. § 411:

Issuance to reserve banks, nature of obligation; redemption

Federal Reserve Notes, to be issued at the discretion of the Board of Governors of the Federal Reserve System for the purpose of making advances to Federal reserve banks through the Federal reserve agents as hereinafter set forth and for no other purpose, are hereby authorized.

The said notes shall be obligations of the United States and shall be receivable by all national and member banks and Federal reserve banks and for all taxes, customs, and other public dues. They shall be redeemed in lawful money on demand at the Treasury Department of the United States, in the city of Washington, District of Columbia, or at any Federal reserve bank.

The definition of Federal Reserve Notes as "obligations of the United States" within the context of 12 U.S.C. § 411 is clearly distinguishable from the meaning used in 31 U.S.C. § 3124 and Md.Ann.Code Art. 81, § 280(c)(1). Section 411 is contained within Title 12 of the United States Code which created the Federal Reserve System, and in which Federal Reserve Notes are defined as "obligations of the United States." The purpose behind this is to make clear that the notes are authorized currency of the United States. The term "obligations of the United States" as used in 21 U.S.C. § 3124 and Art. 81 of the Md.Code refers to interest bearing instruments such as United States bonds. *See Memphis Bank & Trust Co. v. Garner*, 459 U.S. 392, 395–96, 103 S.Ct. 692, 695–96, 74 L.Ed.2d 562 (1983); *Smith v. Davis*, 323 U.S. 111, 116–17, 65 S.Ct. 157, 160, 89 L.Ed. 107 (1944).

The Federal Reserve Notes with which appellant claims she is paid[1] are not "obligations of the United States" which are exempted from income tax pursuant to Art. 81 of the Md.Code. The Maryland income tax is levied on income, which may or may not be received in the form of Federal Reserve Notes. If appellant's argument were accepted, it would have the absurd effect of preventing state taxation of any income which may be received in Federal Reserve Notes.

---

1. There is nothing in the record which conclusively supports this allegation. Implicit in the fact that appellant's sole source of income for 1980 and 1981 was from the Maryland State Teacher's Retirement System is the conclusion appellant was paid in the form of a check of the State of Maryland.

Because appellant's arguments are without merit, we affirm the judgment of the Circuit Court in sustaining the Tax Court.

JUDGMENT AFFIRMED; COSTS TO BE PAID BY APPELLANT.