LASSER, P.J.T.C
Taxpayer contests the denial by the Director of the Division of Taxation (Director) of a credit on taxpayer’s 1987 gross income tax return for tax paid by taxpayer to the State of New York on a $73,874 cash distribution from a subchapter S corporation (S corporation) of which taxpayer is a stockholder. At issue is whether the distribution made to taxpayer in 1987 is from current or from prior earnings of the corporation. Director contends that since the corporation had accumulated earnings prior to 1987 and that New York tax was imposed on taxpayer on these pre-1987 earnings in the year earned by the corporation, taxpayer is not entitled to a credit for income tax paid to New York because tax on the earnings distributed to taxpayer in 1987 was not paid to New York by taxpayer in 1987. Taxpayer contends that the distribution was made from the corporation’s 1987 earnings; it was on those earnings that taxpayer paid New York income tax in 1987 and, thus, he is *485 entitled to a 1987 New Jersey gross income tax credit for tax paid to New York.
This matter was argued before the Tax Court on the stipulated facts set forth below.
Taxpayer[1] is a New Jersey resident. For all periods relevant to this matter, taxpayer filed New Jersey gross income tax returns (Form NJ-1040) and New York State and City of New York non-resident income tax returns (Form IT-203).
Taxpayer is an employee and owner of one-third of the issued and outstanding stock of Display Producers, Inc. (Display). Display, a New York corporation having its principal office in New York City, is treated as an S corporation for federal and New York State tax purposes. Display does not file tax returns or corporate reports in New Jersey.
As of December 31, 1986, Display’s accumulated earnings and profits (earnings) were $977,870. Taxpayer’s proportionate share of accumulated earnings was $325,957. Display’s total earnings for calendar year 1987 were $377,939. Taxpayer’s proportionate share of 1987 earnings was $125,980.
Taxpayer received a $73,874 cash distribution from Display during 1987 which he reported as dividend income on his 1987 New Jersey gross income tax return. Taxpayer reported the dividend as if it had been paid from Display’s current earnings and taxed by New York in 1987. Taxpayer also reported income and losses from his investments in New York partnerships. Taxpayer’s 1987 NJ-1040 reflected a credit of $19,443 for income tax paid to New York.[2] This credit was calculated by including New York source income and losses as well as the *486 Display distribution in the numerator and the denominator of the credit calculation.[3]
On March 16, 1989, taxpayer received a notice of adjustment from Director and on February 26,1991, Director issued a final determination to taxpayer, stating that the Display distribution was deemed to be paid out of Display’s earnings accumulated and taxed by New York during tax years prior to 1987. Director therefore denied taxpayer a New Jersey gross income tax credit for the Display distribution on the ground that the New York tax on this distribution was not paid by taxpayer in 1987. Director recomputed taxpayer’s 1987 income tax credit by excluding the Display distribution from the numerator of the credit fraction.
I.
The narrow issue in the subject case is the proper income tax credit to be accorded by New Jersey to a distribution from an out-of-state S corporation to a New Jersey resident shareholder of the corporation.
Taxpayer advocates a “last in, first out” (LIFO) treatment for the 1987 distribution. Taxpayer argues that because Display’s total earnings in 1987 exceeded the amount of the distribution made during the 1987 tax year, the court should view the payment as a distribution from current year (1987) earnings. Taxpayer contends that taxpayer’s share of Display’s 1987 income was taxed by New York in 1987, that the 1987 income should be regarded as being the first distributed in 1987 and that taxpayer is entitled to a credit against New Jersey gross income tax for tax paid by taxpayer to New York on the distribution.
*487 Taxpayer argues that this credit treatment (LIFO) accords with federal corporate tax requirements governing distributions from C corporations. See I.R.C. §§ 301; 316; 1368. Taxpayer contends that under the federal treatment, payments from corporations to shareholders are taxed first as dividends; then, to the extent the distributions are not dividends, as reductions in basis; and finally, to the extent the distributions exceed the adjusted basis of a shareholder’s stock, as sales or exchanges. Ibid. Further, taxpayer points to a Division of Taxation policy, announced in the State Tax News in 1991, which permits a taxpayer to treat distributions using the LIFO method if the taxpayer can demonstrate to the Division that the distribution was paid out of current earnings. Taxpayer argues that because New Jersey treats all corporations as C corporations for tax purposes and because the Internal Revenue Service uses LIFO to determine the taxability of dividends, New Jersey should follow the federal and use the LIFO method.
Taxpayer contends that by treating S corporation income as if it were C corporation income, the Division “reconstituted” taxpayer’s New York S corporation income but gave full effect to taxpayer’s New York partnership income and loss. Since New York deems S corporation and partnership income to be a “single category” of pass-through income, taxpayer contends that New Jersey may not separate and reconstitute S corporation income but must treat these pass-through items as New York does.
Director has used a “first in, first out” (FIFO) treatment of the 1987 distribution. Since the payment was made prior to year-end and Display had accumulated earnings in excess of the distribution, Director contends that logical accounting principles dictate that the distribution was made from prior year earnings. Since prior year earnings would have been taxed to taxpayer by New York in the year earned (prior to 1987), Director claims that New Jersey should not be required to provide a credit for income tax that was not paid to another jurisdiction in the 1987 year of distribution.
*488 Further, Director contends that since New Jersey does not recognize S corporations, it is not required to recognize New York's categorization of S corporation income with partnership income or to compute the New Jersey credit in accordance with New York’s tax treatment of S corporation income.
II.
This case arises as a result of the differing treatment of Subchapter S corporations and their shareholders by New Jersey and New York. Small business corporations may elect subchapter S status for federal tax purposes. I.R.C. § 1362. New York recognizes S corporations as distinct from C corporations. New Jersey does not recognize the election of subchapter S for purposes of corporate or gross income taxation and treats S corporations in the same manner as C corporations.[4]
Pursuant to N.J.S.A. 54:10A-27, Director may prescribe and issue rules and regulations for the interpretation and application of the Corporation Business Tax Act (CBT act), provided that the rules and regulations are not inconsistent with the provisions of the CBT act. N.J.A.C. 18:7-11.16 provides:
(a) An S corporation, that is, one which has made an election under Section 1361 et seq. of the Internal Revenue Code of 1954 ... must complete its New Jersey Corporation Business Tax Return on its own separate basis as though no election had been made under the Federal statute.
(b) In preparing its Corporation Business Tax Return the taxpayer ... [must determine income] as if the corporation were a C Corporation and no Federal S Corporation election were made.
See also N.J.A.C. 18:7-5.1(d) (federal S corporations must determine New Jersey net income as if no S election had been made).
In 1984, Director confirmed the Division of Taxation’s policy regarding the treatment of S corporations as C corporations. 13 State Tax News 6 at 144 (Nov./Dec.1984). Director stated:
*489 New Jersey does not recognize Subchapter “S” corporations for State tax purposes. Instead, they are treated in every way as “C” corporations, i.e., regular corporations.
[Ibid. ]
A. Gross Income Tax Treatment of Dividends from Non-Resident S Corporations.
The Gross Income Tax Act (the act) is silent with respect to the tax treatment of non-resident S corporation distributions to New Jersey shareholders. N.J.S.A. 54A:5-l(f) provides, however, that New Jersey gross income includes “dividends.” Dividends are defined by this section as “any distribution in cash or property made by a corporation ... (1) out of accumulated earnings and profits, or (2) out of earnings and profits of the year in which such dividend is paid.” The act does not dictate whether a distribution is deemed to be made first out of accumulated earnings or current earnings.
For federal and New York tax purposes, earnings and losses from S corporations are “passed through” to shareholders to be reported on their individual federal tax returns in the tax years these items accrue to the corporation. I.R.C. § 1366; N.Y.Tax Law § 617. New York treats S corporation income and partnership income in the same income category. N.Y.Tax Law § 617(b). New Jersey does not. New Jersey shareholders may not deduct S corporation losses annually and must include distributions from S corporations in income in the tax year the distributions are actually received by the shareholder in the same manner as dividends from C corporations. N.J.S.A. 54A:5-l(f).
The Gross Income Tax Act provides New Jersey residents with a credit for income tax paid to other states. N.J.S.A. 54A:4-1 provides in relevant part:
(a) A resident taxpayer shall be allowed a credit against the tax otherwise due under this act for the amount of any income tax or wage tax imposed for the taxable year by another state of the United States ... with respect to income which is also subject to tax under this act [Emphasis supplied].
(b) The credit provided under this section shall not exceed the proportion of the tax otherwise due under this act that the amount of the taxpayer’s income subject to tax by the other jurisdiction bears to his entire New Jersey income.
*490 The purpose of the income tax credit is to minimize or avoid double taxation of New Jersey residents’ gross income earned in other states. See, e.g., Willett v. Taxation Div. Director, 10 N.J.Tax. 402, 409 (Tax Ct.1989).
N.J.A.C. 18:35-1.12 provides various methods for computing the income tax credit for income taxed by other jurisdictions. The procedures provided by this regulation do not, however, address credit treatment for distributions from out-of-state S corporations.
Under the Division’s 1984 policy, a New Jersey resident was not permitted a credit for gross income tax paid to another state on distributions received from out-of-state S corporations. These distributions were deemed to be either dividends from C corporations includible in the New Jersey resident’s gross income pursuant to N.J.S.A. 54A:5-l(f) or returns of capital from the shareholder’s investment in the corporation.
In 1991, the Division announced a modified policy regarding the calculation of the income tax credit with respect to distributions to New Jersey resident shareholders of out-of-state S corporations. 20 State Tax News 1 at 10-13 (Jan./Feb.l991). Director stated:
Distributions of a corporation’s earnings to its shareholders are dividends and are taxable under the Gross Income Tax Act in the year in which they are received by the shareholder. Income of a corporation, on the other hand, is not subject to tax under that act. Generally, a credit for taxes paid to another jurisdiction will not be available to a New Jersey resident who is a shareholder of a New York S Corporation (or any other state that recognizes S Corporations and taxes the individual on S corporate income) for taxes paid to the State of New York (or any other state) on the taxpayer’s distributive share of the corporation’s income.
However, not inconsistent with the above but rather a further clarification thereof, where a taxpayer can prove to the satisfaction of the Director that all or part of the taxpayer’s share of the S Corporation’s income on which taxes were paid by the taxpayer to a qualified other jurisdiction were included or are otherwise indicative of the dividend distribution subject to the New Jersey Gross Income Tax Act, that amount will be recognized in the calculation of the credit for taxes paid to other jurisdictions.
Stated differently, only that amount of the taxable dividend that represents a “distribution ... made by a corporation ... out of earnings and profits of the year in which such dividend is paid” can be recognized in the calculation of the credit for taxes paid to other jurisdictions. N.J.S.A. 54A:5-l(f)(2).
[Id. at 11.]
*491 In the 1991 modified policy, the Division posed and answered the following question: “How much, if any, of the distributive share of an S Corporation’s income on which the individual shareholder paid tax to another jurisdiction is included in the distribution of same year earnings being taxed by New Jersey as a dividend?” The Division states:
this modified position allows a resident credit with respect to S Corporation income provided the taxpayer can establish that the income taxed by New Jersey as a dividend was in fact taxed during the same year by another state.
In determining whether income distributed and taxed as a dividend by New Jersey was taxed in the same year as S Corporation income by another state, the Division will assume that distributions are paid first out of prior years’ earnings____ The distribution will be deemed to be paid out of current year’s earnings to the extent that the cash distribution ... exceeds prior years’ earnings____
[Id. at 12 (emphasis supplied).]
Thus, under its 1991 modified policy, the Division continues to follow a FIFO ordering of S corporation distributions, unless a taxpayer can trace these distributions to the corporation’s current year earnings.
States are free to tax the income of their residents. Hough v. Taxation Div. Director, 2 N.J.Tax 67, 75 (Tax Ct.1980), aff’d 4 N.J.Tax 528 (App.Div.1981). Neither the federal nor state constitutions require a state to provide an income tax credit for income taxed by a foreign jurisdiction. Credit is a matter of grace and a state may impose conditions on its application. The New Jersey Legislature has expressly imposed conditions on the calculation of the credit for out-of-state tax paid and has limited entitlement to credit to income taxed by another state in the same tax year. N.J.S.A. 54A:4-1.
In 1987, under the Division of Taxation’s 1984 policy dictating FIFO treatment of distributions from non-resident S corporations to New Jersey residents, and in the absence of statutes or regulations to the contrary, taxpayer’s 1987 distribution should have been treated as if received from Display’s accumulated earnings. As a consequence, I conclude that taxpayer paid income tax to New York on the Display distribution in a year prior to 1987 and is not permitted to take a credit *492 against New Jersey gross income tax in 1987 for this S corporation income.
Taxpayer argues that the Division’s 1991 modified policy entitles him to the credit. Taxpayer has not established that the Division’s 1991 modified policy should apply retroactively to the 1987 Display distribution to taxpayer. Nevertheless, implicit in taxpayer’s reliance on the 1991 policy is an assumption that if it applied to the 1987 tax year, the Display distribution would have been made from 1987 earnings and taxpayer would be entitled to a gross income tax credit for tax paid by taxpayer to New York on this distribution.
The Division’s 1991 policy liberalized its 1984 policy and allows a New Jersey resident shareholder of an out-of-state S corporation to take a gross income tax credit for tax paid on a distribution from the corporation if the taxpayer “can establish that the income taxed by New Jersey as a dividend was in fact taxed during the same year by another state.” 20 State Tax News 1 at 12 (Jan./Feb.l991). However, FIFO ordering of S corporation distributions remains New Jersey’s usual treatment of income from S corporations.
Taxpayer has not demonstrated that the Display income at issue was distributed from current earnings of the corporation. In particular, taxpayer has not supplied the date the distribution was made, the amount of current earnings the corporation had at the time of the distribution or proof that the distribution was not paid out of accumulated earnings. Thus, even if the Division’s 1991 modified policy were in effect during the 1987 tax year, taxpayer has not shown that he would be entitled to a credit for income tax paid to New York on the Display distribution in 1987.[5]
*493 This opinion involves a highly technical aspect of New Jersey’s gross income and corporate tax. The Director’s action in this case was correct under the existing law, regulations and Division policy. The court may not, without legal justification, substitute another method of calculation for that of the Director. The fact that there is another method of calculation that may be preferable, alone, does not justify rejecting the method used by the Director. See, e.g., Darrin Est. v. Taxation Div. Director, 11 N.J.Tax 482, 489-90 (Tax Ct.1991).
The Clerk of the Tax Court is directed to enter judgment in favor of the Director in accordance with this opinion.

Taxpayers, husband and wife, are parties in this matter because they filed a joint 1987 New Jersey gross income tax return. However, all activities which give rise to the income at issue are those of the husband and I refer to him as taxpayer.

The parties have stipulated that if the Director prevails, the credit will be reduced to $11,821.

Simply stated, the New Jersey income tax credit is calculated as follows:
New Jersey income subject to Tax due under New
tax by another jurisdiction X Jersey Gross Income Tax
Entire New Jersey income
See N.J.S.A. 54A:4-1.

See Walsh v. Director, Division of Taxation, 10 N.J.Tax 447, 456-57 (Tax Ct.1989), aff'd 240 N.J.Super. 42, 572 A.2d 222 (App.Div.1990), for a discussion of New Jersey’s tax treatment of S corporations and their New Jersey shareholders.

Taxpayer suggests in the alternative, that the distribution be included in the numerator and taxpayer's share of total S corporation earnings be included in the denominator of the credit fraction. However, I have concluded that the subject distribution is not properly included in the numerator because it was not subject to tax by New York in 1987. Cf. Nielsen v. Taxation Div. Director, 4 N.J.Tax 438 (Tax Ct.1982).