CRABTREE, J.T.C.
Plaintiffs seek review of a deficiency in gross income tax determined by defendant for the taxable year ended December 31, 1991. The deficiency, amounting to $83,421, arose from defendant’s disallowance of a credit claimed by plaintiffs for taxes paid to another jurisdiction. The credit arose from income of a New York subchapter S corporation allegedly taxed by New York in 1991. Defendant also added interest and penalty. After a hearing, the interest rate was reduced and the penalty abated. Plaintiffs have paid the deficiency but not the interest.
The sole issue in this case is whether a 1991 distribution to plaintiff, Ernest H. Sutkowski, from a New York subchapter S corporation was taxed by New York in that year so as to be eligible for the credit for taxes paid to another jurisdiction within the purview of N.J.S.A. 54A:4-1(a).
The parties have stipulated to all the relevant facts pursuant to R. 8:8-1(b), and the case is ready for decision.
At all times pertinent hereto, plaintiff,[1] a New Jersey resident, was the owner of all the issued and outstanding stock of The Westchester Business Institute (hereafter WBI), a New York subchapter S corporation, incorporated in 1973. In 1991, WBI made distributions to plaintiff in the aggregate amount of $1,031,-065. For federal and New York income tax purposes,[2] these distributions were deemed to have been made out of WBI’s Accumulated Adjustment Account (hereafter AAA) and were not taxed to plaintiff as dividends.
*233 For the taxable year 1991, WBI allocated to plaintiff, pursuant to section 1366(a) of the Internal Revenue Code of 1986 (“I.R.C.”), trade or business income (net of a $10,000 deduction under section 179) in the amount of $1,132,657 and interest income in the amount of $51,846. Plaintiff reported these items, together with salary income of $629,537, on his 1991 New York non-resident income tax return, treating all such items as New York source income, pursuant to section 631(a)(1)(B) of the New York Tax Law.
On his 1991 New Jersey gross income tax return, plaintiff reported a dividend of $1,031,065 from WBI.
WBI’s federal corporation income tax return (Form 1120S) for 1990 showed ordinary income from trade or business activities of $995,937. Form K-l, attached to that return, showed that amount, together with portfolio interest income, as taxable to plaintiff as the 100% shareholder. Plaintiffs federal and New York nonresident income tax returns for 1990 reported $985,937,[3] together with portfolio interest income of $54,765,[4] as income from WBI, identified on plaintiffs returns as a subchapter S corporation. Schedule M-2, Analysis of Accumulated Adjustments Account, Other Adjustment Account, and Shareholders’ Undistributed Taxable Income Previously Taxed, included in WBI’s 1990 federal income tax return, disclosed the following:
1. Balance at beginning of tax year $1,357,957
2. Ordinary income from page 1, line 21 $ 995,937
3. Other additions $ 54,765
4. Loss from page 1, line 21 ........
5. Other reductions $ 19,637
6. Combine lines 1 through 5 $2,389,022
7. Distributions other than dividend
distributions $1,357,957
8. Balance at end of tax year (6-7) $1,031,065
*234 WBI’s 1991 federal income tax return (Form 1120S) reported ordinary income from trade or business activities of $1,142,654. That amount was shown on Schedule K-l, attached to the return, as income allocable to plaintiff as WBI’s 100% shareholder. Plaintiffs federal and New York nonresident income tax returns for 1991 reported income from WBI, identified on the returns as a subchapter S corporation, in the amount of $1,142,654. Schedule M-2, Analysis of Accumulated Adjustments Account, etc., included in WBI’s 1991 return, showed the following:
1. Balance at beginning of tax year $1,031,065
2. Ordinary income from page 1, line 21 $1,142,654
3. Other additions $ 51,846
4. Loss from page 1, line 21 ........
5. Other reductions $ 16,697
6. Combine lines 1 through 5 $2,208,868
7. Distributions other than dividend
distributions $1,031,065
8. Balance at end of tax year (6-7) $1,177,803
The relevant statute is N.J.S.A 54A:4-1, which allows a credit against the gross income tax otherwise due for income or wage taxes imposed by another jurisdiction with respect to income which is also subject to the gross income tax. N.J.S.A. 54A:4-l(a). The credit is limited to the proportion of the tax otherwise due, that the amount of the taxpayer’s income, subject to tax by the other jurisdiction, bears to the taxpayer’s entire New Jersey income. N.J.S.A. 54A:4-1(b). The limitation imposed by N.J.S.A. 54A:4-1(b) is expressed by a fraction, the numerator of which is the income subject to tax in the other jurisdiction, and the denominator of which is the taxpayer’s entire New Jersey income. The intent of the statute allowing a credit against gross income tax for taxes paid to another state is to minimize or avoid double taxation, based upon what is actually taxed in such other state. Ambrose v. Director, Div. of Taxation, 198 N.J.Super. 546, 487 *235 A.2d 1274 (App.Div.1985); Chin v. Director, Div. of Taxation, 14 N.J.Tax 304 (Tax 1994). See also, Nielsen v. Director, Div. of Taxation, 4 N.J.Tax 438 (Tax 1982) (holding that Director properly excluded alimony payment from the numerator of the fraction, as alimony was deductible in the other jurisdiction (New York)).
The problem arises because New Jersey did not recognize S corporations during the tax year under review, and the gross income tax statute treated all corporations as C corporations; thus, all corporate distributions were treated as dividends to the extent of accumulated or current earnings and profits under N.J.S.A. 54A:5-1(f), so that corporate distributions were included in the denominator for the purpose of the credit limitation provided by N.J.S.A. 54A:4-1(b) with respect to the year of distribution. If, on the other hand, the corporation making the distribution to the New Jersey resident shareholder were an S corporation recognized as such in the other jurisdiction, the distribution would not be subject to tax in such jurisdiction for the year of distribution, unless it represented the shareholder’s pro rata share of the S corporation’s income for that year.[5] The undisputed facts in this case indicate that WBI was an S corporation under New York law for all pertinent tax years.
The parties agree that the distribution from WBI to plaintiff, in 1991, was taxable in that year for gross income tax purposes, and thus, that the amount of such distribution was properly includible in the denominator for tax credit purposes. What remains to be determined is whether such amount is taxable under New York law in 1991. If not, the distribution is not includible in the numerator for tax credit purposes.
As WBI was an electing S corporation under New York law for 1991 and all relevant prior years, it is necessary to examine the *236 provisions of the statutory exegesis of an S corporation, namely the Internal Revenue Code of 1986.
To begin with, a corporation achieves S status by an election, consented to by all its shareholders. I.R.C. § 1362. An S corporation, with an exception not pertinent here, is not subject to income tax. I.R.C. § 1363(a). Each shareholder of an S corporation includes in gross income his pro rata share of the corporation’s income, losses, deductions and credits for the shareholder’s taxable year in which the corporation’s taxable year ends. I.R.C. § 1366(a)(1).
Since the heart of subchapter S is its allocation of an S corporation’s income to its shareholders when the income is realized by the corporation, regardless of whether the income is distributed to them, a mechanism is needed to permit the undistributed income to be received by the shareholders in later years without being subjected to a second round of taxation. This is achieved by Section 1368, which distinguishes between S corporations with no accumulated earnings and profits[6] and S corporations with accumulated earnings and profits.[7] A distribution to a *237 shareholder from an S corporation with no earnings and profits is governed by I.R.C. section 1368(b), which provides that such distribution is not includible in the shareholder’s gross income to the extent that it does not exceed the shareholder’s basis in his stock. If the amount of the distribution exceeds basis, the excess is treated as gain realized on the sale or exchange of property. If the corporation has accumulated earnings and profits, the distribution is governed by I.R.C. section 1368(c), which provides that that portion of the distribution which does not exceed the accumulated adjustments account is treated in the manner provided by I.R.C. section 1368(b); that portion which exceeds the balance in the accumulated adjustments account is treated as a dividend to the extent that it does not exceed the accumulated earnings and profits of the S corporation.
While the AAA, or accumulated adjustments account, is not required for S corporations without accumulated earnings and profits, its use can result in tax-free distributions that might otherwise be treated as gain, and keeping an accurate, continuous determination of the AAA balance is crucial in maximizing the tax benefits to be gained therefrom. 11 Mertens, Law of Federal Income Taxation, § 41B.157 (1995). An examination of Schedule M-2 of WBI’s Forms 1120S for all relevant years indicates that the AAA was meticulously tracked.
However, the use of the AAA, valuable though it may be, is not required in this case, as WBI, for the tax year under review and for several years prior thereto, had no accumulated earnings and profits. Thus, as pointed out above, a distribution by WBI to its shareholder is governed by I.R.C. section 1368(b), which provides that such distribution is not includible in the shareholder’s income in the year of distribution unless it exceeds the shareholder’s basis in his stock; if the distribution exceeds basis, the excess is treated as gain realized on the sale or exchange of property.
Nothing in this record indicates whether the 1991 distribution from WBI to plaintiff exceeded the latter’s basis in his stock. The court must therefore conclude that no part of the 1991 distribution was taxed to plaintiff in New York in that year.
*238 Thus, the court concludes that the distributions made by WBI to plaintiff in 1991 were not subject to tax in New York in 1991, and for that reason, are not includible in the numerator of the fraction contemplated by N.J.S.A. 54A:4-1(b) in calculating the credit for taxes paid to other jurisdictions.
Defendant, in his brief, states that he could have reasonably interpreted N.J.S.A. 54A:5-1(f) to provide that as a matter of law, no portion of the $1,031,065 of distributions actually received by plaintiff in 1991 is includible in the numerator contemplated by N.J.S.A. 54A:4-1(b), because New York did not actually tax those distributions in 1991. (Indeed, the court has reached precisely that conclusion.) Defendant avers that he has interpreted the Gross Income Tax Act in an alternative manner that treats a dividend distribution taxed by New Jersey in a particular year as having also been taxed by New York in that year to the extent that the distribution is paid out of that portion of the corporation’s current New Jersey earnings and profits that corresponds to S corporation income generated by the corporation that was actually taxed by New York in that year. This position is contrary to this court’s view of the law, and although a concession in plaintiffs favor, defendant’s position must be rejected. The inclusion of the current distributions in the denominator of the fraction as dividend income in New Jersey, by reason of N.J.S.A. 54A:5-1(f), is a consequence of the New Jersey Legislature’s refusal to recognize S corporations until 1994. Prior to that year, all corporations were C corporations, distributions from which were treated as dividends to the extent of current or accumulated earnings and profits. This fiction, of necessity, required the existence of accumulated or current earnings, which could be accommodated by referring to the S corporation’s balance sheet (Schedule M on Form 1120S), which represented non-tax accounting treatment and reflected book determinations in accordance with generally accepted accounting principles. The retained earnings reflected on WBI’s 1991 federal tax return in Schedule M served as a surrogate representation of current or accumulated earnings and profits for New Jersey Gross Income Tax purposes. The treats ment of the 1991 distributions in the numerator of the fraction is *239 another matter entirely. Inclusion of the distribution in the numerator requires a determination that it was subject to tax in New York in that year. New York, unlike New Jersey, recognized S corporations in 1991 and for several years prior thereto. Thus, the same fiction that was employed of necessity in New Jersey was not appropriate in New York. After 1983, WBI had no accumulated earnings and profits, so that the income tax treatment of its shareholder bore no relation to distributions. As with all S corporations, the trade or business income of the corporation was taxable to the shareholder for the year the income was earned. The only tax consequences of a distribution pertained to an adjustment of the shareholder’s basis in his stock, and to the extent that a distribution exceeded such basis, it was taxable as capital gain. None of this has anything to do with current or accumulated earnings or profits.
The efforts of both parties to engraft, in true Procrustean fashion, concepts appropriate to C corporations, only serve to confuse the issue, which, stripped to its essentials, is whether under the law applicable to distributions made by S corporations with no accumulated earnings or profits, and in force in New York by virtue of a statute permitting the election of S treatment, the distributions made by WBI to plaintiff in 1991 were taxable in New York in that year.
It will be noted that the result in this case accords with the result reached in Laurite v. Director, Div. of Taxation, 12 N.J.Tax 483 (Tax 1992), aff'd o.b. per curiam, 14 N.J.Tax 166 (App.Div.1993), certif. denied, 135 N.J. 301, 639 A.2d 301 (1994), although for different reasons. In Laurite, Judge Lasser left the door open to permit the taxpayer to show that the distribution in issue arose from the S corporation’s current earnings. In the instant case, the tax treatment mandated by I.R.C. section 1368(b) for S corporations with no accumulated earnings and profits serves to close that door definitively.
Judgment will be entered affirming defendant’s determination of deficiency.

 Hereinafter throughout this opinion, whenever the singular plaintiff is used it will refer to Ernest H. Sutkowski. Jeanne B. Sutkowski is a party only because a joint return was filed.

 Prior to the tax year in issue, WBI had elected Subchapter S status for both federal and New York income purposes. Section 660 of the New York Tax Law provides that a taxpayer must make an affirmative election to be treated as an S corporation for purposes of New York franchise and personal income taxation. Taxpayers who do not make such election will be taxed as C corporations for New York purposes despite federal S corporation status.

 The $10,000 difference is accounted for by an election to expense depreciable property; $10,000 was the maximum in that regard for years prior to 1992. See I.R.C. § 179.

 The difference between the taxable amount shown both on the Form K-l, Form 1120S, for WBI for 1990, and plaintiff's 1990 federal return, and plaintiff's 1990 New York return, was $9,637, an amount described on the aforesaid Form K-l and on Schedule M-2, Form 1120S, for 1990 as disallowed travel and entertainment expenses. The difference is not material to the result in this case.

 Effective for taxable years beginning after July 7, 1993, New Jersey law recognizes S corporations. L.1993, c. 173. N.J.S.A. 54A:5-9 now provides that the S corporation income, dividends and gain shall be taxed to the shareholder in accordance with the latter's pro rata share, whether or not distributed, for the S corporation's taxable year ending within or with the shareholder's taxable year.

 A corporation which, from its inception, had been an S corporation, would have no accumulated earnings and profits. I.R.C. § 1371(c).

 An S corporation with a prior history as a C corporation, its history as a corporation before January 1, 1983, and the inheritance of earnings and profits from a merger with a C corporation, a liquidation of a C corporation subsidiary, or a spin-off, split-off, or split-up from a C corporation, could generate accumulated earnings and profits. Boris I. Bittker and James S. Eustice, Federal Income Taxation of Corporations and Shareholders (para. 6.08(1) (6th ed. 1994). In the case before the court, the evidence shows that WBI was always an S corporation. However, since it was incorporated in 1973, prior to the S Corporation Revision Act of 1982, P.L. 97-354, effective for 1983 and later years, it could have accumulated earnings and profits for years prior to 1983. WBI'S federal return (Form 1120S) for 1983, shows a beginning balance of $60,920 in undistributed taxable income previously taxed and a distribution of that amount to the shareholder during 1983. Thus, WBI will be viewed for all purposes relevant to this case as an S corporation with no accumulated earnings. The parties' stipulation of facts regarding WBI'S retained earnings for years subsequent to 1982 is meaningless, as those retained earnings have no tax significance; they are merely book earnings as reflected on the balance sheet (Schedule M) of WBI's federal income tax returns (Form 1120S).