LAWRENCE J. BRADY et al., Appellants, v STATE OF NEW YORK et al., Respondents.

Third Department, November 27, 1991

18

### APPEARANCES OF COUNSEL

*Goodkind, Labaton & Rudoff (Kohn, Klein, Nast & Graf, P. C. [David H. Weinstein]* of counsel), for appellants.

*Robert Abrams, Attorney-General (Daniel Smirlock* of counsel), for respondents.

*James J. Haggerty (Gregory E. Dunlap* of counsel), for Commonwealth of Pennsylvania, *amicus curiae.*

### OPINION OF THE COURT

LEVINE, J.

Plaintiffs Lawrence J. Brady and Barbara A. Brady are married and reside in New Jersey. Lawrence Brady was employed and earned income in New York in 1988. Plaintiffs Judah I. Labovitz and Deborah R. Labovitz are husband and wife and reside in Pennsylvania. During 1988, Deborah Labovitz was employed and earned income in New York. Neither Barbara Brady nor Judah Labovitz had any New York source income in 1988. The Labovitz couple had unearned income from non-New York sources and had combined adjusted gross income of over $100,000. Both couples filed joint Federal

income tax returns for 1988. They have brought this action to challenge the validity of New York's income tax treatment of nonresident taxpayers.

Under Tax Law § 601 (e) (1), New York imposes a tax "on the taxable income which is derived from sources in this state of every nonresident". Section 601 (e) provides for what is essentially a two-step process to determine the tax due. First, a preliminary tax is calculated "as if such nonresident * * * were a resident" (Tax Law § 601 [e] [1]). For residents, that tax is determined by applying the appropriate tax rate to the taxpayer's "New York taxable income" (Tax Law § 601 [a]-[c]), adding any additional tax due on unearned income if the taxpayer had New York adjusted gross income in excess of $100,000 (see, Tax Law § 601 [d]) and deducting various statutory credits (see, Tax Law § 606). New York taxable income is derived from "New York adjusted gross income" (less deductions and exemptions) (Tax Law § 611 [a]), and New York adjusted gross income is in turn derived from the taxpayer's Federal adjusted gross income (see, Tax Law § 612). Once the tax is thus initially fixed as though the nonresident was a resident taxpayer, it is then multiplied by a fraction, the numerator of which is the nonresident's New York income and the denominator of which is that person's Federal adjusted gross income, in order to arrive at the final tax due (see, Tax Law § 601 [e] [1]). Thus, as agreed to by all parties, the initial tax computation for the liability of a nonresident taxpayer takes into account the taxpayer's income from all sources, within and without the State, but the actual tax due is that fraction of the tax initially determined that is equivalent to the ratio of the taxpayer's New York income to total income. Because the State's income taxation system is based upon progressive rates, a New York resident having no income except New York earnings will pay less tax on those earnings than a nonresident having the same New York earnings plus additional income from non-New York sources.

One additional facet of the State income tax structure affects the tax paid by non-New York residents on their New York source income. Under Tax Law § 651 (b) (2), nonresident taxpayers and their nonresident spouses, like resident taxpayers and their resident spouses, must file a joint State income tax return (thereby reporting their aggregate incomes) if they filed a joint Federal tax return. Contrastingly, if one of the spouses is a resident and the other is a nonresident, they may elect to file either separate or joint State income tax returns,

irrespective of whether they filed a joint Federal return (see, Tax Law § 651 [b] [4]).

Plaintiffs in this action seek a declaration of the unconstitutionality of Tax Law § 601 (d) and (e) and § 651 (b) (2), an injunction against the enforcement of those sections, and damages for loss of the use of their money paid for taxable years 1988 and thereafter in excess of what they would have paid had Lawrence Brady and Deborah Labovitz been permitted to file individual State tax returns reporting only their New York source incomes and had their respective tax rates been based solely on such New York source income. They allege that the enforcement of State income tax liability against them under those sections denied them substantive due process and equal protection under the 14th Amendment of the US Constitution, and violated the Privileges and Immunities Clause (US Const, art IV, § 2, cl 1) and the Commerce Clause (US Const, art I, § 8, cl 3). Plaintiffs brought this action as a class action on behalf of one plaintiff class, i.e., all nonresidents required to file a New York income tax return, and two plaintiff subclasses, i.e., (1) those members of the nonresident class who have no New York source income but who are compelled to file a joint New York income tax return with their spouses, and (2) those members of the nonresident class who are subject to the tax imposed by Tax Law § 601 (d) upon unearned income from non-New York sources.

Plaintiffs sought disclosure by way of production of documents concerning, inter alia, State administrative and legislative deliberations regarding the taxation of nonresidents and concerning the actual fiscal impact of the changes in the system of taxing nonresidents from 1986 to 1988. Supreme Court granted protective orders as to the disclosure sought because it viewed the requests as overbroad and not relevant to the constitutional issues. Next, plaintiffs moved for an order pursuant to CPLR article 9 certifying that the action could be maintained as a class action. Supreme Court denied plaintiffs' motion on the ground, inter alia, that plaintiffs did not show that a class action against the State in this matter is superior inasmuch as the doctrine of stare decisis could be asserted against defendants in the future. Finally, defendants moved for summary judgment dismissing the complaint and plaintiffs cross-moved for partial summary judgment declaring Tax Law § 601 (d) and (e) and § 651 (b) unconstitutional. Supreme Court granted defendants' motion and denied plain-

tiffs' cross motion. Plaintiffs appeal from all of the foregoing adverse determinations.

■ Because the resolution of the constitutional issues involved in this appeal necessarily will affect the disposition of the remaining procedural issues, we address first whether Supreme Court properly dismissed plaintiffs' challenges to the validity of the provisions of the Tax Law in question. In our view, there is merit to plaintiffs' due process objection to Tax Law § 651 (b) (2). By virtue of that provision, a nonresident having no New York source income whatsoever is compelled to file a joint New York income tax return solely because that person's nonresident spouse earned New York income and the couple filed a joint Federal income tax return for the same taxable year. Concededly, a person obligated to file a State tax return or one who is a signatory to a joint return is civilly liable for the tax obligation arising therefrom, plus penalties (see, Tax Law § 685), and may also be exposed to criminal liability (see, Tax Law §§ 1801, 1804). In *Miller Bros. Co. v Maryland* (347 US 340, 344-345) the United States Supreme Court held, with respect to a State's power to tax extraterritorially, that there was a settled "consistent adherence to one time-honored concept: that due process requires some definite link, some minimum connection, between a state and the person, property or transaction it seeks to tax". Out-of-State cohabitation with a spouse having New York income and filing a joint Federal income tax return with that spouse cannot constitute the necessary minimum connection for the extraterritorial exercise of New York's taxing power. Thus, we have concluded that Tax Law § 651 (b) (2) violates due process insofar as it may be applied to require a nonresident spouse of a nonresident taxpayer to file a joint State tax return solely by reason of the marital relationship and the filing by the couple of a joint Federal income tax return.

■ The foregoing ruling regarding Tax Law § 651 (b) (2) renders academic plaintiffs' constitutional challenges to the validity of Tax Law § 601 (d) and (e) that were based upon the interaction of those sections with section 651 (b) (2). The language of Tax Law § 601 (d) and (e) is "marriage neutral". Once a nonresident spouse having no New York income is no longer obligated to file a joint return, the remaining sections of the Tax Law at issue here are not subject to the objection that they increase a nonresident taxpayer's State tax liability on the basis of the non-New York income of that taxpayer's nonresident spouse.

■■ Plaintiffs nonetheless argue that Tax Law § 601 (e) is unconstitutional even in the absence of the joint filing requirement of Tax Law § 651 (b) (2). They claim that the section violates due process because its inclusion of the nonresident's non-New York income in the initial determination of the tax before applying the apportionment formula is the functional equivalent of a tax on that out-of-State income. Alternatively, they assert that section 601 (e) discriminates against nonresident taxpayers in favor of New York residents, thereby offending the Privileges and Immunities Clause, Equal Protection Clause and Commerce Clause of the US Constitution. We disagree with both contentions.

■ The procedure for taxing the New York source income of a nonresident set forth in Tax Law § 601 (e), by initially applying a progressive tax rate to the taxpayer's income from all sources and then apportioning to fix the final tax due, is a valid means, under due process, of using income not itself taxable as part of the measurement of the tax imposed on the nonresident's New York income *(see, Maxwell v Bugbee,* 250 US 525, 539; *see also, Atlantic & Pac. Tea Co. v Grosjean,* 301 US 412, 425).* Indeed, statutory provisions for taxing the in-State income of nonresidents virtually identical to Tax Law § 601 (e) have been upheld over due process and equal protection objections in several recent decisions *(see, United States v State of Kansas,* 810 F2d 935, *affg* 580 F Supp 512; *Wheeler v State,* 127 Vt 361, 249 A2d 887, *appeal dismissed for want of substantial Federal question* 396 US 4; *see also, Stevens v State Tax Assessor,* 571 A2d 1195 [Me], *cert denied* — US — , 111 S Ct 65; *Aronov v Secretary of Revenue,* 323 NC 132, 371 SE2d 468, *cert denied* 489 US 1096).* Plaintiffs simply have not demonstrated that, under Tax Law § 601 (e), their income from non-New York sources is used in any respect other than as a measurement of the tax due on New York income, that is, in determining the rate of taxation applied to their New York income. Thus, plaintiffs' due process objection to Tax Law § 601 (e) fails.

■ Likewise, Tax Law § 601 (e) is not discriminatory in counting a nonresident's income from New York sources to determine the appropriate tax rate to be applied to a nonresident taxpayer's New York income. As previously described, the applicable tax rate for both residents and nonresidents is derived in the same manner and from the same ultimate source, i.e., Federal adjusted gross income, generally constituting income from all sources. Resident and nonresident taxpay-

ers similarly situated in terms of ability to pay taxes out of all sources of income are treated the same within the parameters of New York's progressive income taxation system. Clearly, New York has a substantial legitimate interest in uniformly enforcing its progressive income tax system. We are also unpersuaded by plaintiffs' claim that discrimination against nonresident taxpayers exists because apportionment under Tax Law § 601 (e) to fix the final tax due dilutes the value of their deductions and exemptions, as compared to their value for resident taxpayers. To whatever extent application of the ratio of New York income to total income dilutes the value of exemptions and deductions for nonresidents, it does so in direct proportion to the reduction of the final tax due from nonresidents. This hardly demonstrates any discrimination in favor of resident taxpayers.

■ We also find meritless plaintiffs' challenge to Tax Law § 601 (d). That section, by its own terms, does not apply directly to nonresident taxpayers. The unearned income of a nonresident does, however, enter into the calculation to arrive at the nonresident's tax liability under section 601 (e), because the initial determination of tax is made "as if such nonresident * * * were a resident". Nonetheless, as the earlier discussion herein demonstrates, the inclusion of the additional tax on unearned income in the computation performed pursuant to Tax Law § 601 (e) merely serves to add marginally to the tax rate applied to the nonresident's New York income. We have already sustained the validity of that use of non-New York income in taxing the New York income of a nonresident taxpayer.

It follows from the foregoing that the dismissal of plaintiffs' complaint should be modified by reinstating the cause of action challenging the constitutionality of Tax Law § 651 (b) (2) and declaring that Tax Law § 651 (b) (2) is unconstitutional as applied to require the filing of a joint income tax return by a nonresident solely because that person's nonresident spouse earned New York income and the couple filed a joint Federal income tax return. The matter must be remitted to Supreme Court on the issue of damages (see, Shields v Katz, 143 AD2d 743, 745; see also, Cass v State of New York, 58 NY2d 460, 463; Weissman v Evans, 56 NY2d 458).

■ This resolution of the substantive issues, in our view, further militates toward upholding Supreme Court's denial of class action certification. It was plaintiffs' burden to establish, inter alia, that "a class action is superior to other available

methods for the fair and efficient adjudication of the controversy" (CPLR 901 [a] [5]; *see, Askey v Occidental Chem. Corp.,* 102 AD2d 130, 137-138). The determinative constitutional issues regarding liability have now been resolved. Not only will the determination of the invalidity of Tax Law § 651 (b) (2), as applied, be given stare decisis effect in any future litigation, but defendants have stipulated to being bound by it on all duly and timely filed administrative claims. Thus, the remaining unresolved issues for entitlement to monetary relief appear to be primarily personal to the individual members of the class of nonresident taxpayers, i.e., eligibility for a refund and the amount of overpayment.

The law in New York is settled that no cause of action lies for restitution of an unconstitutionally collected tax that was paid voluntarily *(see, Paramount Film Distrib. Corp. v State of New York,* 30 NY2d 415, 420, *cert denied* 414 US 829; *Mercury Mach. Importing Corp. v City of New York,* 3 NY2d 418, 426). Therefore, entitlement to monetary relief will require some initiative on the part of the individual taxpayer, by way of protest or proper claim for a refund. For all the foregoing reasons, we agree with Supreme Court that the superiority of a class action over other available methods for resolution of the controversy involved in this litigation has not been established *(see, Conklin v Town of Southampton,* 141 AD2d 596, 597-598; *Gandolfi v City of Yonkers,* 101 AD2d 188, 198-199, *affd* 62 NY2d 995; *see also, Garden City Center Assocs. v Board of Assessors,* 153 AD2d 667, *lv dismissed* 75 NY2d 804; *Duffy v Wetzler,* 148 Misc 2d 459).

Lastly, as to the appeal from the discovery rulings of Supreme Court, our decision herein resolves the substantive issues regarding which plaintiffs sought discovery and, thus, obviates the need for such disclosure. Supreme Court's protective orders should, therefore, be affirmed.

MAHONEY, P. J., WEISS, YESAWICH, JR., and MERCURE, JJ., concur.

Ordered that the order entered September 12, 1990 and judgment entered thereon are modified, on the law, without costs, by reversing so much thereof as granted defendants' motion dismissing the cause of action in the complaint challenging the constitutionality of Tax Law § 651 (b) (2) and denied plaintiffs' cross motion on said cause of action; motion denied and cross motion granted on said cause of action, partial summary judgment awarded to plaintiffs, it is declared

that Tax Law § 651 (b) (2) is unconstitutional as applied to require the filing of a joint New York income tax return by a nonresident solely because that person's nonresident spouse earned New York income and the couple filed a joint Federal income tax return, and matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision; and, as so modified, affirmed.

Ordered that the orders entered February 15, 1990 and judgments entered thereon are affirmed, without costs.