■ In the Matter of 43RD STREET SECOND AVENUE CORP., on Behalf of Itself and Others Similarly Situated, Appellant, v CITY OF NEW YORK et al., Respondents.—Order, Supreme Court, New York County (Beverly Cohen, J.), entered August 29, 1990, which granted the cross-motion of the respondents to dismiss the petition, brought pursuant to CPLR article 78, on the grounds that (1) as to claims for 1984/85 through 1989/90, the statute of limitations has run; (2) as to claims for 1985/86 through 1989/90, another action is pending; and (3) as to claims for 1990/91, the action is premature and this determination is without prejudice to renewal in tax *certiorari* proceedings which are already pending; and which order further declined to consider the petitioner's re-cross motion for summary judgment and its request for class certification as academic, is affirmed without costs.

Petitioner is the owner of a condominium unit which is located at 806-812 Second Avenue, also known as 301-303 East 43rd Street (Lot Number 1001, block 1336 on tax map of the City of New York [hereafter "building"]) in New York County. On October 25, 1984 the building was declared to be eligible for tax benefits to the extent of 75% of its value as provided by RPTL 421-a (2). In essence that section provided for tax exemption for a period of time of new residential units built on under-developed land.

The essence of the dispute centered on the calculation by the Department of Finance of the City of New York of the benefits to be received pursuant to RPTL 421-a (2). The dispute has now been resolved in favor of the petitioner since, in another action, the Supreme Court has ruled that the calculations made pursuant to a formula used here are erroneous and the City has announced that it will accept the formula used in that decision as the correct one *(Matter of Board of Mgrs./Condominium Owners [Tax Commn.],* NYLJ, Dec. 31, 1991, at 25, col 3 [Sup Ct, NY County, Parness, J.]).

While we affirm the dismissal, we do so for some reasons other than those put forward by the motion court. The respondents have conceded the correctness of the formula set forth

by the petitioner. In addition, the respondents have conceded that the formula will be applied to the petitioner and to all other taxpayers for future years. The formula will also be applied and refunds given to all those who timely protested the tax assessment and to those who paid the tax assessment under protest.

We find no reason for class certification in view of the respondents' concession as to the applicability of the formula advanced by petitioner and of the respondents' obligation to apply the law without individual lawsuits *(Brady v State of New York,* 172 AD2d 17, 24-25 [1991], *appeal dismissed* 79 NY2d 915 [1992]; *Baumes v Lavine,* 38 NY2d 296 [1975]; *Terry v Town of Huntington,* 101 AD2d 833 [1984]). Moreover, those property owners who did not protest the assessment are barred from recovery *(City of Rochester v Chiarella,* 58 NY2d 316 [1983]). Concur—Rosenberger, J. P., Kassal and Smith, JJ.

Ellerin and Asch, JJ., dissent in part in a memorandum by Asch, J., as follows: I disagree with the IAS Court and this Court's finding that class action certification is not warranted. I note, petitioner itself had only $2,331 at issue for the 1990-1991 tax year. Thousands of condominium owners throughout the City had even less at stake and therefore little incentive to file tax protests, let alone, begin individual CPLR article 78 proceedings. Certainly, many were unaware of their rights.

The majority asserts that class certification is unnecessary because of the municipal respondents' obligation to apply the law without individual lawsuits. However, the respondents state they will correct assessments commencing in tax year 1992-1993 and grant refunds for prior years *only* to those who filed timely protests and did not waive those protests. This would allow the City to profit from its refusal to correct the erroneous formula for the tax years 1990-1991 and 1991-1992. Petitioner, expressly sought in its second article 78 proceeding to direct the Department of Finance to utilize the proper formula with respect to those later years. Petitioner also expressly sought, at that time, to have the proposed class action serve as a substitute for individual tax protests. As to prior tax years, I agree with the majority that only taxpayers who filed individual protests can recover. However, as to tax year 1990-1991, and subsequent years, I believe the petitioner may properly seek the court to direct the Department of Finance to perform the ministerial duty of implementing the HPD formula.

Under the circumstances hereunder, a class action is a superior method of adjudication as opposed to a multiplicity of

small individual claims. Moreover, the governmental operations rule, cited by the majority, need not apply when a class action will bring a more prompt resolution of small money damage claims for all concerned *(see, Beekman v City of New York,* 65 AD2d 317; *Tindell v Koch,* 164 AD2d 689).