ANDREW, J.T.C.
In this state tax matter, plaintiff, Geeming Chin, appeals from a determination of defendant, Director of the Division of Taxation, concerning plaintiffs resident credit under the New Jersey Gross Income Tax Act, N.J.S.A 54A:1-1 to :10-12 for tax years 1988, 1989 and 1990. Plaintiff claims a refund for both the deficiency assessments and the interest for the three years at issue. The disputed amounts are as follows:
1988 $1,777.34 Tax
851.04 Interest
$2,628.38
1989 $1,468.84 Tax
506.53 Interest
$1,975.37
1990 $2,035.18 Tax
462.35 Interest
$2,497.53
The total amount in dispute is $7,101.28, of which $1,819.92 constitutes interest.
Plaintiff contends that, because New York State determined the tax rate to be -imposed on the New York source ineome of his *292 spouse by combining that income with plaintiffs non-New York income, he correctly included both New York and non-New York source income in the numerator of the fraction used to determine. the resident credit even though the non-New York income was not actually taxed by New York State. Plaintiff argues that, in effect, the non-New York income was subjected to tax by New York State because it was added to the New York source income in order to determine the tax rate to be imposed on the New York source income. Therefore, plaintiff concludes, both sources of income should be included in the numerator of the resident credit fraction. Additionally, plaintiff maintains that the Director may not impose interest on the deficiency assessments because the additional amount of tax was illegally imposed.
The Director’s position is that she properly excluded plaintiffs non-New York source income from the numerator of the resident credit fraction because that income was not actually taxed by New York State. To the contrary, defendant maintains, only the New York source income of plaintiffs spouse was actually taxed by New York, albeit at a higher tax- rate because of the inclusion of plaintiffs non-New York income. Furthermore, defendant contends that statutory interest has been waived to the maximum extent permitted by law under N.J.S.A 54:49-11, and that the Director is without authority to abate the interest below the minimum statutory level.
The parties have agreed to submit the matter to this court for decision on stipulated exhibits and briefs.

I.

Calculation of Resident Credit.

The New Jersey Gross Income Tax Act, N.J.S.A 54A:1-1 to :10-12 allows for a credit to New Jersey residents for income or wage tax paid to another state. Specifically, N.J.S.A 54A:4-1 provides in relevant part as follows:
(a) A resident taxpayer shall be allowed a credit against the tax otherwise due under this act for the amount of any income tax or wage tax imposed for the taxable year by ahother state of the United States or political subdivision of such *293 state, or by the District of Columbia, with respect to income which is also subject to tax under this act.
(b) The credit provided under this section shall not exceed the proportion of the tax otherwise due under this act that the amount of the taxpayer’s income subject to tax by the other jurisdiction bears to his entire New Jersey income.
Subsection (b) provides for what is termed the “resident credit fraction,” the numerator being the income subject to tax in the foreign state which is also taxed in New Jersey, and the denominator being the individual’s entire New Jersey income.[1], Stiber v. Director, Div. of Taxation, 9 N.J.Tax 623, 626 (1988). This fraction serves to limit the resident credit to a percentage of the tax otherwise due in New Jersey, but not to exceed the amount actually paid to the foreign state. N.J.AC. 18:35-1.12(a)4 further specifies the method for calculating the limitation on the credit by defining the ^mounts which constitute income subject to tax in the other jurisdiction and entire New Jersey income, as follows:
i. Income subject to tax by the other jurisdiction means those categories of income which are taxed by another jurisdiction before the allowance for personal exemptions and standard and/or other itemized deductions and which are also subject to tax under the New Jersey Gross Income Tax Act.
ii. Entire New Jersey income means the categories of New Jersey gross income subject to tax before allowances for personal exemptions and deductions.
The dispute in this ease involves the income to be included in the numerator of plaintiffs resident credit fraction.
Plaintiff and his spouse reside in New Jersey, but plaintiffs spouse works and earns income in New York. For the tax years in issue, plaintiff and his spouse were required under New York law to file a joint tax return in New York State because they had filed a joint federal tax return. N.Y. Tax Law § 651(b)(2) (McKinney 1987). Pursuant to N.Y. Tax Law § 601(e), the tax on their income was first computed as though plaintiff and his spouse were residents, i.e., on “New York taxable income,” which is derived from federal adjusted gross income. The tax was then multiplied by a fraction, the numerator being the New York *294 source income and the denominator being federal adjusted gross income, to determine the amount of New York tax due.
Plaintiff argues that, since New York State took his non-New York income into account in calculating the tax rate to be imposed on his wife’s New York income for the tax years at issue, New York effectively subjected his non-New York income to tax. Consequently, plaintiff contends, the non-New York income should be included in the numerator of plaintiff’s resident credit fraction, which would increase the amount of plaintiff’s resident credit for the years at issue.
When plaintiff and his spouse filed their joint New Jersey tax returns for the years at issue, the Director disallowed the inclusion of the non-New York source income in the numerator of the resident credit fractions for those years, and assessed deficiencies as well as interest and penalty for all three years at issue. The taxpayer has paid all amounts due and claims a refund of the tax plus interest paid.
The Director maintains that, pursuant to N.J.S.A. 54A:4-1, the amount included in the numerator of the resident credit fraction is that amount actually taxed by the other jurisdiction which is also taxed in New Jersey. Therefore, defendant contends, since plaintiffs non-New York income was not actually taxed by New York but only used in calculating the applicable tax rate for the New York source income, the non-New York income was properly excluded from the numerator of the resident credit fraction. The issue, then, is whether income, which was not actually taxed by another jurisdiction, but which plaintiff was required to report to the other jurisdiction for use in determining the applicable tax rate, should be included in the numerator of plaintiffs resident credit fraction.
As the Director correctly points out, the purpose of the resident credit is to minimize or avoid double taxation of only that income which is actually taxed by another jurisdiction. Ambrose v. Director, Div. of Taxation, 198 N.J.Super. 546, 553, 487 A.2d 1274 (App.Div.1985); Laurite v. Director, Div. of Taxation, 12 *295 N.J.Tax 483, 490 (1992), affd o.b. per curiam, 14 N.J.Tax 166 (App.Div.1993), certif. den., 135 N.J. 301, 639 A.2d 301 (1994); Willett v. Director, Div. of Taxation, 10 N.J.Tax 402, 409 (1989); Stiber v. Director, Div. of Taxation, supra, 9 N.J.Tax at 626; Nielsen v. Director, Div. of Taxation, 4 N.J.Tax 438, 442 (1982); Sorensen v. Director, Div. of Taxation, 2 N.J.Tax 470, 475, 446 A.2d 213 (1981). In Jenkins v. Director, Div. of Taxation, 4 N.J.Tax 127, 446 A.2d 217 (1982), Judge Lasser of this court stated that
the intent of the act is to avoid double taxation of foreign income by relinquishing all or part of the New Jersey tax on the foreign income, but not to relinquish New Jersey tax on income earned in New Jersey.
[Id. at 133, 446 A.2d 217.]
It is clear from the case law in this State that income not actually taxed by the other jurisdiction is to be excluded from the numerator of the resident credit fraction. See, e.g., Sorensen v. Director, Div. of Taxation, supra (40% of capital gain was deducted in computing taxpayer’s taxable income in the other jurisdiction, therefore numerator of resident credit fraction included only the 60% of capital gain which was actually taxed in the other jurisdiction); see also Nielsen v. Director, Div. of Taxation, supra (alimony was deductible in foreign jurisdiction, therefore was properly excluded from numerator of resident credit fraction).
Plaintiff, however, maintains that if the New Jersey income had not been taken into account by New York in determining the tax rate, the actual taxes paid to New York would have been less, and therefore, his New Jersey income was effectively subjected to tax in New York. Plaintiffs argument is contradicted both by the New York taxing statute itself, and by the New York case dealing with the constitutionality of the taxing statute as it relates to nonresidents, Brady v. State, 172 A.D.2d 17, 576 N.Y.S.2d 896 (N.Y.App.Div.1991), aff'd, 80 N.Y.2d 596, 592 N.Y.S.2d 955, 607 N.E.2d 1060 (1992), cert. denied — U.S.-, 113 S.Ct. 2998, 125 L.Ed.2d 692 (1993).
N.Y. Tax Law § 601(e)(1), relating to taxation of income earned in New York by nonresidents, provides as follows:
There is hereby imposed for each taxable year on the taxable income which is derived from sources in this state of every nonresident ... a tax which shall be *296 equal to the tax computed ... as if such nonresident ... were a resident, multiplied by a fraction, the numerator of which is such individual’s ... New York source income ... and the denominator of which is such individual’s ... federal adjusted gross income for the taxable year.
[Emphasis added.]
By the terms of the statute, New York taxes only that income which is “derived from sources in this state.” In Brady v. State, supra, plaintiffs, nonresident taxpayers, challenged the constitutionality of, among other things, the requirement that all income, even that derived from sources outside New York, be considered in determining the applicable tax rate for a nonresident. While holding that N.Y. Tax Law § 651(b)(2), which required married nonresidents to file a joint New York tax return if they had filed a joint federal return, violated due process,[2] the court found that
[t]he procedure for taxing the New York source income of a nonresident set forth in Tax Law § 601(e), by initially applying a progressive tax rate to the taxpayer’s income from all sources and then apportioning to fix the final tax due, is a valid means, under due process, of using income not itself taxable as part of the measurement of the tax imposed on the nonresident’s New York income.
[Brady v. State, 576 N.Y.S.2d at 899; emphasis added.]
In support of its decision, the court cited Maxwell v. Bugbee, 250 U.S. 525, 40 S.Ct. 2, 63 L.Ed. 1124 (1919), wherein the United States Supreme Court held valid a New Jersey inheritance tax which was calculated using an apportionment formula similar to the formula employed by New York under its income tax. The Court found that “[wjhen the state levies taxes within its authority, property not in itself taxable by the state may be used as a measure of the tax imposed____ It is in no just sense a tax upon the foreign property.” 250 U.S. at 539, 40 S.Ct. at 6, 62 L.Ed. at 1131.
Based upon the foregoing, it is clear that the use of plaintiffs non-New York income in determining the tax rate to be imposed on his spouse’s New York source income did not constitute taxa *297 tion of the non-New York income. Accordingly, the Director properly excluded the non-New York income from the numerator of the resident credit fraction because it was not subjected to tax in New York, and her determination of the additional taxes is affirmed.

II.

Waiver of Interest.

The administration of the New Jersey Gross Income Tax Act is regulated by the State Tax Uniform Procedure Law, N.J.SA 54:48-1 to :50 — 23; N.J.SA 54A:9-1. With reference to the Director’s statutory authority to waive interest and penalties, N.J.SA 54:49-11 provides as follows:
a. If the failure to pay any such tax when due is explained to the satisfaction of the director, he may remit or waive the payment of the whole or any part of any penalty and may remit or waive the payment of any interest charge in excess of the rate of three percentage points above the prime rate including any such penalty or interest with respect to deficiency assessments made pursuant to R.S. 54:49-6.
b. The director shall waive the payment of any part of any penalty or any part of any interest attributable to the taxpayer’s reasonable reliance on erroneous advice furnished to the taxpayer in writing by an employee of the Division of Taxation acting in the employee’s official capacity, provided that the penalty or interest did not result from a failure of the taxpayer to provide adequate or accurate information.
Pursuant to authority set forth in N.J.S.A 54:49-ll(a), the Director has, in this case, waived all penalties as well as statutory interest to the maximum extent permitted by law. Plaintiff contends, however, that his reliance on the “inadequate advice” contained in the general instructions provided by the Division of Taxation for the completion of the New Jersey gross income tax returns for 1988 warrants relief under subsection (b).
It is noteworthy that the standard for relief under subsection (b), which requires the Director to waive all interest and penalties if certain conditions are met, is that the advice must be “erroneous.” Plaintiff terms the advice “inadequate” because it did not cover the situation in which he found himself, namely, where income from New Jersey sources was added to New York source *298 income in order to determine the rate of tax in New York for the New York income.
The directions promulgated by the Director for use in 1988, however, are clear. Income subject to tax by other jurisdictions “means those categories of income which are taxed by another jurisdiction before the allowance for personal exemptions and standard and/or itemized deductions and which are also subject to tax under the New Jersey Gross Income Tax Act.” (Emphasis added). Plaintiffs argument that his income was subjected to tax by New York is incorrect, not because of advice promulgated by the Director, but because of his misreading of that advice.[3]
Plaintiff maintains that his method of calculating the resident credit is not precluded by the instructions; however, his New Jersey income clearly was not taxed by New York and therefore should not have been included in the numerator of the resident credit fraction. The directions provided by the Division of Taxation are not erroneous, and therefore plaintiff is not entitled to relief under N.J.S.A. 54:49-ll(b). Moreover, since the Director has exercised the maximum discretion permitted under subsection (a), no further relief can be granted to plaintiff.[4] Camden City v. Director, Div. of Taxation, 4 N.J.Tax 458, 469 (1982).
Based upon the foregoing, the determination of the Director, with regard both to the deficiency assessments and the interest, is affirmed. Judgment will be entered accordingly.

 Therefore, any amount included in the numerator of the fraction will necessarily be included in the denominator.

 Specifically, the New York court held that New York could not require, under due process principles, a nonresident spouse of a nonresident taxpayer to file a joint New York State tax return solely because of the marital relationship and the filing by the couple of a joint federal income tax return. Brady v. State, supra, 576 N.Y.S.2d at 899.

 The Director correctly points out that plaintiff's recourse for the actions of New York is against that state, not against New Jersey, and that plaintiff apparently paid the taxes due to New York without protest when he, like plaintiffs in Brady v. State, supra, could have contested the validity of the New York statute.

 This is not an inequitable result inasmuch as the minimum amount of interest provided by statute is the Legislature's determination of the time value of money. Absent a constitutional infirmity in the statute, I cannot substitute my judgment for that of the Legislature.