HAMILL, J.T.C.
In this state tax matter, plaintiff Charles J. Widder asserts that he is entitled to the elimination of all interest imposed with *337 respect to his 1988, 1989, and 1990 gross income tax returns because, in completing those returns, he relied on the instructions, provided by the Division of Taxation which were erroneous. The Director of the Division of Taxation (“Director”) maintains that the instructions were not erroneous and that, in any event, the court lacks jurisdiction to hear the matter because plaintiffs complaint was untimely. The matter was submitted on cross-motions for summary judgment. Since there are no material facts in dispute, the matter may be resolved on that basis. R. 4:46-1; Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67, 74, 110 A.2d 24 (1954).
The controversy revolves around the Division’s instructions for computing the credit allowed to New Jersey residents for taxes paid to other jurisdictions. N.J.SA 54A:4-1. The provision allows a credit against the New Jersey tax for income or wage tax paid to another jurisdiction with respect to income that is also subject to tax in New Jersey. The purpose of the resident credit is to prevent the double taxation of income. Jenkins v. Taxation Div. Director, 4 N.J.Tax 127, 133, 446 A.2d 217 (1982). Thus the credit is available only with respect to income that is actually taxed by New Jersey and another jurisdiction. Nielsen v. Taxation Div. Director, 4 N.J.Tax 438, 443 (1982). The mechanism for so limiting the credit is achieved by applying a fraction, the numerator of which is the “amount of the taxpayer’s income subject to tax by the other jurisdiction” and the denominator of which is the taxpayer’s “entire New Jersey income.” N.J.SA 54A:4r-l(b). The fraction is applied against the tentative New Jersey tax that would be due were it not for the credit. Ibid. See also N.J.AC. 18:35-1.12(a)(3).
Plaintiff maintains that the instructions to the New Jersey return erroneously advised him to include in the numerator of the fraction his modified federal adjusted gross income, which included income from all sources. The Director maintains that the instructions advised plaintiff to include only income that was taxed by New York and that New York taxed only New York-souree income. Plaintiff does not contest the tax deficiency but only the *338 interest, maintaining that he should not be penalized for reasonably relying on the return instructions.
Plaintiff timely filed his 1988, 1989, and 1990 gross income tax returns. He subsequently received notices of assessment for additional taxes amounting to:
Tax Interest Penalty Total
1988 $ 1,060.00 $684.12 $49.05 $ 1,793.17
1989 1,143.00 572.62 55.85 1,771.47
1990 11,494.81 202.11 44.89 11,741.81
The deficiencies were stated to be due to incorrect credits for taxes paid to New York. Plaintiff paid the deficiencies but filed a protest with the Division. Plaintiff ultimately agreed that he owed the additional tax, and the Division agreed to waive the penalty and abate interest to the statutory minimum. N.J.S.A. 54:49-1la. As a result, the amount at issue, consisting entirely of interest, is $1054.
.On April 20, 1993, the Division issued a final determination. The letter indicated that plaintiff had 90 days to appeal to the Tax Court in the event he disagreed with the final determination. On July 2, 1993, the Tax Court received a letter sent certified mail return receipt requested stating that plaintiff “wish[ed] to appeal” a final determination of the Division of Taxation, and that he was seeking a “total rescission of interest imposed for tax years 1988/89/90____” The letter concluded with the following sentence, “Kindly advise me of the date for this appeal.” On July 6, 1993, the Tax Court clerk sent plaintiff the forms for filing a complaint. No letter accompanied the forms. On August 19, 1993, plaintiff filed a complaint.
A complaint seeking review of an action of the Director in a state tax matter must be filed within 90 days of the action sought to be reviewed. N.J.S.A. 54:51A-14a. In this case the Director’s final determination was dated April 20,1993. With the addition of three days for mailing allowed by Rule 1:3-3, the time for filing plaintiffs complaint expired on July 22,1993. As plaintiffs formal complaint was not filed until August 19,1993, plaintiffs appeal was *339 timely only if his letter of June 29, received by the court on July 2, is deemed to be a complaint.
Rule 8:3-4(a) requires that a Tax Court complaint “set forth the claim for relief and a statement of the facts on which the claim is based----” Rule 8:3 — 5(b)(1) requires that in a state tax ease a case information statement shall be attached to the face of the complaint. The requirement that a complaint include a claim for relief and a statement of the facts on which the claim is based is reiterated in Rule 4:5-2, applicable to actions filed in the Superior Court. Rule 4:1 provides that the rules in Part IV apply in the Tax Court except as otherwise specifically provided in the Tax Court rules. Rule 4:5-7 provides in part that, “[a]ll pleadings shall be liberally construed in the interest of justice.” Finally, Rule 1:1-2 provides in part that, unless otherwise provided, any rule may be relaxed if adherence to the rule would result in an injustice.
While defendant is technically correct that plaintiff’s letter of June 29 did not comply with the Rules in that it failed to include a case information statement and did not include a statement of facts on which the claim was based, the letter did advise defendant generally of the claim, specifically a demand for the “total rescission of interest imposed for tax years 1988/89/90____” Moreover, the claim apprised the Director- of the taxpayer’s name, address, social security number, and the fact that it was his “1988/89/90 N.J. Gross Income Tax Returns” that were at issue. Knowing these facts, the Director had sufficient information to investigate the claim and prepare to meet it. Thus, while the letter was technically deficient, liberally construed it was sufficient to put the Director on notice of the claim she was required to meet. This was particularly true because the letter sufficiently identified the taxpayer to permit the Division to locate its file and ascertain what had transpired during the conference on April 14, 1993.
This is not a case where a taxpayer fails to respond to a letter from the clerk’s office advising that a nonconforming complaint will be deemed timely filed if the taxpayer submits conform *340 ing papers within a stated time period. Cf. R. l:5-6(e). Here, the clerk’s office apparently sent no such letter. Nor is this a case of relaxing the 90-day statute of limitations, which is jurisdictional and may not be relaxed. F.M.C. Stores Co. v. Morris Plains Bor., 100 N.J. 418, 425, 495 A.2d 1313 (1985). See also General Trading Co. v. Taxation Div. Director, 83 N.J. 122, 127, 416 A.2d 37 (1980); Clairol, Inc. v. Kingsley, 109 N.J.Super. 22, 25, 262 A.2d 213 (App.Div.), aff'd o.b., 57 N.J. 199, 270 A.2d 702 (1970). Rather, the issue is one of the sufficiency of plaintiffs pleading, and, as previously pointed out, pleadings are to be liberally construed in the interest of justice. R. 4:5-7. Moreover, there is nothing to prevent a relaxation of the rules mandating the contents of a complaint and the attachment of a case information statement under these circumstances. R. 1:1-2.
I therefore conclude that plaintiffs letter of June 29, 1993, should be deemed to be a complaint and consequently plaintiffs complaint was timely filed.
Under N.J.S.A 54:49-11, which applies to the Gross Income Tax by virtue of N.J.SA 54A:9-1, the Director is given statutory authority to abate interest as follows:
a. If the failure to pay any such tax when due is explained to the satisfaction of the director, he may remit or waive the payment of the whole or any part of any penalty and may remit or waive the payment of any interest charge in excess of the rate of three percentage points above the prime rate including any such penalty or interest with respect to deficiency assessments made pursuant to R.S. 54:49-6.
b. The director shall waive the payment of any part of any penalty or any part of any interest attributable to the taxpayer’s reasonable reliance on erroneous advice furnished to the taxpayer in writing by an employee of the Division of Taxation acting in the employee’s official capacity, provided that the penalty or interest did not result from a failure of the taxpayer to provide adequate or accurate information.
There is no dispute that the Director has abated interest to the extent permitted by N.J.SA 54:49-lla. The only question is whether the remaining interest should be abated because plaintiffs failure to properly compute the resident credit was “attributable to [his] reasonable reliance on erroneous advice” contained in the instructions to the 1988, 1989, and 1990 gross income tax returns.
*341 For the 1988 taxable year, the pertinent instructions for the New Jersey gross income tax return provided:
LINE 1 — INCOME SUBJECT TO TAX BY OTHER JURISDICTION©
Enter on this line the amount of income received during the taxable year which was subject to tax by other jurisdiction(s). Income Subject to Tax by Other Jurisdiction(s) means those categories of income which are taxed by another jurisdiction before the allowance for personal exemptions and standard deductions which are also subject to tax under the New Jersey Gross Income Tax Act. [emphasis added]
Plaintiff submitted no copy of the 1989 or 1990 return instructions. By 1993 the first part of the instructions had been amended to read: “Enter on Line 1 the amount of income you received during the year which was actually taxed by the other jurisdiction ” (emphasis added).
Regardless of the change in wording that took place at some point between 1988 and 1993, it is plain that the 1988 and 1993 instructions stated in no uncertain terms that the numerator of the fraction should include only that income that was taxed by the other jurisdiction. The amount of plaintiffs income that was taxed by New York in each of the three years was his New York-source income. This is made clear by the New York Personal Income Tax Law, which provides:
There is hereby imposed for each taxable year on the taxable income which is derived from sources in this state of every nonresident ... a tax which shall be equal to the tax computed ... as if such nonresident ... were a resident, multiplied by a fraction, the numerator of which is such individual’s ... New York source income ... and the denominator of which is such individual’s ... federal adjusted gross income for the taxable year.
[N.Y.Tax Law § 601(e)(1) (emphasis added).]
See Brady v. State, 172 A.D.2d 17, 576 N.Y.S.2d 896, 899 (1991), order aff'd., 80 N.Y.2d 596, 592 N.Y.S.2d 955, 607 N.E.2d 1060 (1992), cert. denied, — U.S.-, 113 S.Ct. 2998,125 L.Ed.2d 692 (1993) . As explained in Brady, the fact that New York includes non-New York source income in determining the graduated tax rate does not mean that the New York tax is imposed on anything other than New York-source income because the tentative tax is reduced by a fraction consisting of New York-source income divided by total income. Brady, supra, 172 A.D.2d 17, 576 N.Y.S.2d at 899.
*342 Since the New Jersey return instructions plainly stated that the numerator of the resident credit fraction was to include income taxed by the other jurisdiction, the instructions were not “erroneous” within the meaning of N.J.S.A. 54:49-llb. Plaintiff, simply misread those instructions to require the inclusion of his federal adjusted gross income rather than his New York source income, i.e., his New York salary income. As the Division’s instructions were not erroneous and since plaintiff has obtained all the relief to which he is entitled under N.J.S.A. 54:49-lla, see Camden v. Taxation Div. Director, 4 N.J.Tax 458, 469 (1982), the Director’s assessment of interest at the statutory minimum is affirmed. Judgment will therefore be entered granting defendant’s motion for summary judgment, denying plaintiffs cross-motion, and dismissing the complaint.